**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case Nos.:  1:21-cv-21928-WPD
1:21-cv-23112-WPD
1:21-cv-23698-WPD

AMERICAN ASSOCIATED GROUP,
LTD. f/k/a AMERICAN UNIVERSITY OF
THE CARIBBEAN,

    Plaintiff,

v.

HENRY TIEN and MING TIEN

    Defendants.
_____/

## OMNIBUS REPORT AND RECOMMENDATION

Three complaints to renew judgment were filed by American University of the Caribbean ("Plaintiff") against Henry Tien and Ming Tien (collectively "Defendants").[1] All three complaints relate to the enforcement of judgments entered by this Court against Defendants in Case Number 04-cv-20834. The three cases were referred to the undersigned for consideration of whether the cases should be consolidated and for all pre-trial matters. For the reasons set forth herein, it is hereby **RECOMMENDED** that the three cases be consolidated, that the pending motions be adjudicated as set forth herein, and that judgment be entered for Plaintiff and against Defendants.

**I.    BACKGROUND**

This case concerns the enforcement of an attorneys' fees judgment and a damages

---

[1] American University of the Caribbean has changed its name to American Associated Group, Ltd. *See American Associated Group, LTD. v. Tien*, No. 1:21-cv-23112-WPD, at 1 (S.D. Fla. Aug. 27, 2021), ECF No. [1]. Accordingly, one of the complaints to renew judgment lists American Associated Group, Ltd. as plaintiff, as opposed to American University of the Caribbean. *See id.*

judgment entered by this Court in Case Number 04-cv-20834.  The enforcement of the attorneys' fees judgment is the subject of a new action filed by Plaintiff in May 2021.  The enforcement of the damages judgment is the subject of a new action filed by Plaintiff in August 2021 and of a separate action to enforce removed to this Court in October 2021.

In 2004, Wachovia Bank filed an interpleader action to resolve claims regarding $90 million held in five of its bank accounts.  *Wachovia Bank N.A. v. Tien*, No. 1:04-cv-20834-WPD (S.D. Fla. Apr. 8, 2004), ECF No. [1].  On May 24, 2016, this Court entered a Final Judgment as to Attorney's Fees in the interpleader action for Plaintiff and against Defendants in the amount of $186,863.10 (the "Attorneys' Fees Judgment").  *Wachovia Bank N.A. v. Tien*, No. 1:04-cv-20834-WPD (S.D. Fla. May 24, 2016), ECF No. [2288].  Thereafter, on September 12, 2016, this Court entered a Final Judgment in the interpleader action for Plaintiff and against Defendants, awarding Plaintiff damages in the amount of $3,798,814.70 (the "Damages Judgment").  *Wachovia Bank N.A. v. Tien*, No. 1:04-cv-20834-WPD (S.D. Fla. Sep. 12, 2016), ECF No. [2306].

On May 24, 2021, Plaintiff filed a Complaint to Renew Judgment regarding the Attorneys' Fees Judgment (the "May Action").  *See American University of the Caribbean v. Tien*, No. 1:21-cv-21928-WPD (S.D. Fla. May 24, 2021), ECF No. [1].  Plaintiff states that "no monies or property have been received or recovered" in satisfaction of the Attorneys' Fees Judgment.  *Id.* ¶ 7.

Thereafter, on August 27, 2021, Plaintiff filed a Complaint to Renew Judgment regarding the Damages Judgment (the "August Action").  *See American Associated Group, LTD v. Tien*, No. 1:21-cv-23112-WPD (S.D. Fla. Aug. 27, 2021), ECF No. [1].  Plaintiff states that "no monies or property have been received or recovered" in satisfaction of the Damages Judgment.  *Id.* ¶ 7.  Plaintiff filed another action to enforce the Damages Judgment.  On October 10, 2021, Defendants removed to this Court a Complaint to Renew Judgment regarding the Damages Judgement, which

was filed by Plaintiff in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County (the "October Action"). *See American Association Group, LTD v. Tien*, 1:21-cv-23698-WPD (S.D. Fla. Oct. 20, 2021), ECF No. [1]. The allegations in the October Action are identical to the allegations in the August Action, namely that no money or property has been recovered in satisfaction of the Damages Judgment. *Id.* ¶ 7. In short, the three complaints request that judgments in the underlying interpleader action be renewed, as they remain unsatisfied.

## II.     ANALYSIS

The undersigned considers whether Case Numbers 1:21-cv-21928-WPD, 1:21-cv-23112-WPD, and 1:21-cv-23698-WPD should be consolidated, the pending motions in all three cases, and whether judgment should be entered for Plaintiff following the District Court's order to show cause entered in all three cases.

### A.     The Three Cases Should Be Consolidated.

Rule 42 of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Indeed, "Rule 42(a) codifies the district court's 'inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 727 Fed. Appx. 562, 570 (11th Cir. 2018) (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995)). Thus, district courts may, within their discretion, consolidate cases upon considering:

> (1) whether the specific risks of prejudice and confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, (2) the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, and (3) the length of time required to conclude multiple suits, and (4) the relative

expense of all concerned.

*Daker v. Warren*, 778 Fed. Appx. 652, 653 (11th Cir. 2019) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

The Court finds that consolidation of the three cases is appropriate. First, there is no risk of prejudice or confusion because the three actions are nearly identical as they all concern a request for the Court to renew judgments in the same underlying case. Indeed, the allegation that the judgments remain unsatisfied is the same in all three complaints. Thus, the determination that Plaintiff is entitled to a renewal of any judgment would be the same in each action. Second, consolidation would not place any burden on the Parties but would instead be in the best interest of justice, as it would expedite the adjudication of these nearly identical cases. Finally, consolidation would also reduce the length of time necessary to resolve these matters and the associated expenses because the arguments raised in all three cases are the same, and as such, neither the Parties nor the Court would be required to address the same issues separately in each case. Accordingly, it is hereby **RECOMMENDED** that case numbers 1:21-cv-21928-WPD, 1:21-cv-23112-WPD, and 1:21-cv-23698-WPD be **CONSOLIDATED**. Although Plaintiff filed two separate actions with respect to the Damages Judgment (the August and October Actions), consolidation of the actions addresses any risk that duplicative relief could be awarded.

> B. The Pending Motions

The three complaints to renew judgment concern two judgments in the underlying case. The May Action (case number 1:21-cv-21928-WPD) seeks renewal of the Attorneys' Fees Judgment for $186,863.10. The August Action (case number 1:21-cv-23112-WPD) and the October Action (case number 1:21-cv-23698-WPD) seek renewal of the Damages Judgment for $3,798,814.70. The Court next addresses the motions pending in each case.

### i. The May Action

On May 24, 2021, Plaintiff filed a Complaint to Renew Judgment regarding the Attorneys' Fees Judgment. *American University of the Caribbean v. Tien*, No. 1:21-cv-21928-WPD (S.D. Fla. May 24, 2021), ECF No. [1].[2]  There are various pending motions in this case

First, on July 16, 2021, Defendant Henry Tien filed a Motion to Dismiss, arguing that Plaintiff, American University of the Caribbean, no longer exists as a company, and as such, the Court lacks jurisdiction over this matter. May Action, ECF No. [10]. In response, Plaintiff argues that: (1) the Attorneys' Fees Judgment is valid and enforceable; (2) Defendant Henry Tien has not satisfied any portion of the Attorneys' Fees Judgment; (3) American University of the Caribbean has changed its name to American Associated Group, Ltd and it is "immaterial" that it is not proceeding under its new name; and (4) in any event, Florida law permits dissolved corporate entities to collect their debts. May Action, ECF No. [17] at 6–7.

An action to renew a judgment is a Florida common law cause of action that is independent from the action in which the judgment was entered. *OMS Collections, Ltd. v. Tien*, 634 Fed. App'x 750, 754 (11th Cir. 2015) (citations omitted). An action to renew a judgment "is not an opportunity to relitigate the merits of the original cause of action" and "a defendant cannot avail himself of defenses which he might have interposed in the original action." *Id.* (quotations omitted). Instead, the only defenses available to a defendant are those "which have arisen since the rendition of the judgment, such as payment, release, accord and satisfaction, or the statute of limitations." *Id.* at 754–55 (alterations adopted and quotations omitted).

Here, the sole basis for Defendant Henry Tien's Motion to Dismiss is that Plaintiff no longer exists as an entity, and as such, that this Court lacks jurisdiction over Plaintiff. May Action,

---

[2] References to the May Action docket will be cited as "May Action, ECF No. [xx]."

ECF No. [10] at 1.  Defendant Henry Tien does not challenge the Court's jurisdiction to enter the underlying judgment or that the Complaint to Renew Judgment fails to state a claim.  Rather, Defendant Henry Tien's only argument is that the Complaint should be dismissed because Plaintiff "no longer exists as a company." *Id.*  However, Plaintiff maintains it is entitled to renewal of the Attorneys' Fees Judgment because it merely changed its name.  May Action, ECF No. [17] at 6–7.  To that extent, along with its Response to the Motion to Dismiss, Plaintiff submitted a Certificate of Incorporation on Change of Name from the Cayman Islands, reflecting that it changed its name from American University of the Caribbean to American Associated Group, Ltd. on September 19, 2011.  May Action, ECF No. [17-1].

This is not a new argument for Defendant Henry Tien.  In a separate matter, a complaint to renew judgment was filed against Defendant Henry Tien to renew a $3.4 million sanctions judgment entered in the same underlying case.  *See OMS Collections,* 634 Fed. Appx. at 752.  In that case, Defendant Henry Tien argued that there was no evidence that American University of the Caribbean had changed its name to American Associated Group, Ltd.  *Id.* at 756.  The Eleventh Circuit Court of Appeals rejected this argument, stating that there was sufficient evidence on the record to substantiate the name change.  *Id.*  In this case, Defendant Henry Tien's argument also fails because Plaintiff has sufficiently demonstrated that it changed its name based on the Certificate from the Cayman Islands.

Moreover, even if Plaintiff had seized to do business as Defendant Henry Tien suggests, it would still be entitled to seek collection of the Attorneys' Fees Judgment in this action. Specifically, under Section 607.1405, Florida Statutes, a dissolved corporation continues its corporate existence for the collection of its debts, which includes the commencement of proceedings to that extent.  Fla. Stat. § 607.1405(1)(a) ("A corporation that has dissolved continues

its corporate existence, but the dissolved corporation may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including: . . . [c]ollecting its assets."); *Id.* at 607.1405(2)(e) ("Dissolution of a corporation does not: . . . [p]revent commencement of a proceeding by or against the corporation in its corporate name."). Accordingly, it is **RECOMMENDED** that Defendant Henry Tien's Motion to Dismiss be **DENIED**.

Second, on August 11, 2021, Defendant Henry Tien filed a Counterclaim. May Action, ECF No. [16]. In his Counterclaim, Defendant Henry Tien asserted one count for declaratory judgment. *Id.* at 1. Specifically, Defendant Henry Tien states that "he does not have any money to pay" the Attorneys' Fees Judgment. *Id.* at 2. Thus, Defendant Henry Tien asks that the Court "in this situation" and pursuant to its inherent authority, "invoke the law, caselaw, common law, and/or equity that would relieve Henry Tien from this payment." *Id.*

On September 1, 2021, Plaintiff filed a Motion to Dismiss Defendant Henry Tien's Counterclaim. May Action, ECF No. [18]. Therein, Plaintiff requests that Defendant Henry Tien's Counterclaim be dismissed with prejudice because he has not stated a plausible claim for relief. May Action, ECF No. [18] at 3. In his Opposition to Plaintiff's Motion to Dismiss, Defendant Henry Tien argues that his Counterclaim is legally and factually sufficient because Plaintiff has not been able to collect on the Attorneys' Fees Judgment given the fact that he does not have any money. May Action, ECF No. [20] at 1. In its Reply, Plaintiff states that because Defendant Henry Tien has admitted that no money has been collected in satisfaction of the Attorneys' Fess Judgment and because Defendant Henry Tien has failed to allege any defense to payment, there is no controversy to be adjudicated via a declaratory action. May Action, ECF No. [22] at 3.

Under the Declaratory Judgment Act, "federal district courts [have] the power to 'declare the rights and other legal relations of any interested party seeking such declaration, whether or not

further relief is or could be sought.'" *Laboss Transp. Services, Inc. v. Glob. Liberty Ins. Co. of New York*, 208 F. Supp. 3d 1268, 1280 (S.D. Fla. 2016) (quoting 28 U.S.C. § 2201(a)).  However, an essential element of claim for declaratory relief is "is the existence of an actual controversy," which means that there is a "practical likelihood that a dispute will arise." *Id.* (quotations and citations omitted).  In this case, taking the allegations in the Counterclaim as true, Defendant Henry Tien has failed to state a claim for declaratory relief.  In his Counterclaim, Defendant Henry Tien admits that the Attorneys' Fees Judgment remains fully outstanding but that the Judgment should not be renewed because he does not have any money.  May Action, ECF No. [16] at 2.  As such, there is no controversy to resolve by way of a declaratory judgment because Defendant Henry Tien has admitted all the requirements for the renewal of the judgment, namely that there is a valid judgment that remains outstanding.  Accordingly, it is hereby **RECOMMENDED** that Defendant Henry Tien's Counterclaim be **DISMISSED WITH PREJUDICE**.

Third, on August 11, 2021, Defendant Henry Tien filed an Affirmative Defense.  May Action, ECF No. [16] at 1.  Defendant Henry Tien's defense states in its entirety: "Henry Tien has no money to pay [Plaintiff].  It would be inequitable for the court to continue to force Henry Tien to pay it when he has no money to do so.  The law, caselaw, and/or equity, would support this defense." *Id.*  On September 1, 2021, Plaintiff filed a Motion to Strike Defendant Henry Tien's Affirmative Defense.  May Action, ECF No. [19].  Plaintiff argues that Defendant Henry Tien's affirmative defense should be stricken because it is not a proper defense to a claim for renewal of a judgment, as it does not state that any portion of the Attorneys' Fees Judgment was satisfied or discharged.  *Id.* at 4.  In his Opposition to the Motion to Strike, Defendant Henry Tien argues that his affirmative defense is factually and legally sufficient because he has sufficiently stated that he does not have any to satisfy the Attorneys' Fees Judgment.  May Action, ECF No. [21] at 1–2.  In

its Reply, Plaintiff re-asserts that Defendant Henry Tien has not stated a viable defense. May Action, ECF No. [23] at 4.

As previously set forth, the only defenses available to a defendant are those "which have arisen since the rendition of the judgment, such as payment, release, accord and satisfaction, or the statute of limitations." *OMS Collections*, 634 Fed. App'x at 754–55 (alterations adopted and quotations omitted). Defendant Henry Tien has not stated a valid affirmative defense to Plaintiff's request for renewal of the Attorneys' Fees Judgment because he only states that he does not have money to satisfy the judgment and inability to pay is not a valid affirmative defense to an action for renewal of a judgment. Accordingly, it **RECOMMENDED** that Plaintiff's Motion to Strike be **GRANTED** and that the affirmative defense be **STRICKEN**.

Finally, on November 10, 2021, a Clerk's Default was entered against Defendant Ming Tien given her failure to appear in this action. May Action, ECF No. [29]. On November 19, 2021, Plaintiff filed Motion for Final Default Judgment as to Plaintiff Ming Tien. May Action, ECF No. [30]. Plaintiff states it is entitled to a renewal of the Attorneys' Fees Judgment as to Defendant Ming Tien because the Judgement is valid and enforceable, and no money has been collected from Defendant Ming Tien in satisfaction of the Judgment. *Id.* at 1–2. In support of its Motion, Plaintiff submitted the Declaration of its corporate representative, Ernest Dover, who attests that the total amount due under the Attorneys' Fees Judgment including accrued interest is $198,914.33. May Action, ECF No. [30-1] ¶ 7. In conjunction with his declaration, Mr. Dover submitted a table specifying the interest accrued per week since the entry of the Attorneys' Fees Judgment. *Id.* at 9–22. Defendant Ming Tien did not respond to the Motion for Final Default Judgment and the time to do so has passed.

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, subsection (a) provides that the Clerk of Court must enter default when the defendant fails "to plead or otherwise defend." Fed. R. Civ. P. 55(a). Next, upon the entry of a clerk's default, the Court must enter a judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due . . . ." *Id.* at 55(b)(1). A default admits plaintiff's well-plead allegations of fact. *Lary v. Trinity Physician Fin. & Ins. Services*, 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). Thus, in determining whether default judgment may be entered, courts must review the allegations in the complaint to determine whether there is a "sufficient basis in the pleadings for the particular relief sought." *United States v. Genesis II Church of Health & Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)). Once liability has been established, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)) (quotations omitted).

An action to renew a judgment is a state law cause of action. *OMS Collections*, 634 Fed. App'x at 754. Under Florida law, "every judgment 'is regarded as a cause of action upon which a new and independent action may be based." *Corzo Trucking Corp. v. West*, 61 So. 3d 1285, 1288 (Fla. 4th DCA 2011) (alterations adopted) (quoting *Crane v. Nuta*, 26 So.2d 670, 671 (Fla. 1946)). Thus, an action to renew a judgment is "a separate cause of action from the original judgment, [] to obtain a new and independent judgment which [] facilitate[s] the ultimate goal of securing satisfaction of the original cause of action." *Id.* (quoting *Burshan v. Nat'l Union Fire Ins. Co. of*

*Pittsburgh, PA*, 805 So. 2d 835, 841 (Fla. 4th DCA 2001)). In this case, Plaintiff has sufficiently stated a claim to renew the Attorneys' Fees Judgment against Defendant Ming Tien. Indeed, the Complaint states that the Attorneys' Fees Judgment is valid and enforceable, that no money has been collected in satisfaction of the Judgment, and that the full amount of the Judgment remains outstanding. May Action, ECF No. [1] ¶¶ 6–7, 11. Moreover, the damages to be awarded are a sum certain because they include the principal amount due under the Attorneys' Fees Judgment plus the accrued interest, which has been set forth in detail in the table attached to the Declaration of Ernest Dover. May Action, ECF No. [30-1] at 9–22. Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Default Final Judgment be **GRANTED** and that default final judgment be entered against Defendant Ming Tien.

### ii. The August and October Actions

On August 27, 2021, Plaintiff filed another Complaint to Renew Judgment in this Court. *American Associated Group, Ltd. v. Tien*, No. 1:21-cv-23112-WPD (S.D. Fla. Aug. 27, 2021), ECF No. [1].[3] In addition, on October 20, 2021, a Complaint to Renew Judgment filed in the State court by Plaintiff was removed to this Court. *American Associated Group, Ltd. v. Tien*, No. 1:21-cv-23698-WPD (S.D. Fla. Oct. 20, 2021), ECF No. [1].[4] Both the August Action and October Action seek to renew the Damages Judgment.

First, in both cases, Defendant Henry Tien filed a Motion to Quash Service, arguing that there was no proof of service on the docket. August Action, ECF No. [7]; October Action, ECF No. [5]. However, the docket in both cases reflects that since the filing of the Motion to Quash, a Return of Service has been filed along with an affidavit attesting to the fact that Defendant Henry

---

[3] References to the August Action docket will be cited as "August Action, ECF No. [xx]."

[4] References to the October Action docket will be cited as "October Action, ECF No. [xx]."

Tien was served. August Action, ECF No. [8]; October Action, ECF No. [10-1]. Because Defendant Henry Tien does not contest that service was effectuated, it is **RECOMMENDED** that the Motion to Quash be **DENIED** in both cases.

Second, in both cases, Defendants filed a Motion for More Definite Statement, arguing that the request for post-judgment interest was too vague and that Plaintiff should be ordered to state the exact amount of interest owed under the Damages Judgment. August Action, ECF No. [7], [16]; October Action, ECF No. [5], [9]. "A motion for more definite statement is appropriate if a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1283 (S.D. Fla. 2012) (quotations omitted). In this case, the allegations in the Complaints are the same–that interest is due on the Damages Judgment at the statutory rate. August Action, ECF No. [1]; October Action, ECF No. [1]. Thus, Defendants are on notice of the principal amount due under the Damages Judgment and the method by which interest is to be calculated. Because the allegations are sufficient to put Defendants on notice of the claims against them, it is **RECOMMENDED** that the Motions for More Definite Statement be **DENIED** in both cases. *See Joseph v. Nuno, Inc. II*, No. 08-80438-CIV, 2008 WL 2726918, *2 (S.D. Fla. July 10, 2008) (concluding that a motion for more definite statement "should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably be expected to respond").

    **C.**    **Judgment Should Be Entered For Plaintiff.**

Having considered all pending matters, the undersigned now turns to the District Court's Order to Show Cause, which was entered in all three cases. The District Court ordered Defendants to show cause as to why judgment should not be entered for Plaintiff. Defendant Henry Tien filed a response to the District Court's Order to Show Cause in the May Action and both Defendants

filed a response in the August Action. *See* May Action, ECF No. [35]; August Action, ECF Nos. [14], [15]. The responses are identical; Defendants only state that an order to show cause is a summary proceeding not authorized under the Federal Rules of Civil Procedure. *Id.*

The Eleventh Circuit rejected Defendant's argument when made in connection with the renewal of a different judgment entered in the same underlying case. *See OMS Collections*, 634 Fed. App'x at 756. In that case, the Eleventh Circuit noted that "a district court can enter judgment *sua sponte* as long as the parties are given adequate notice." *Id.* (citing *Imaging Bus. Machines, LLC. v. BancTec, Inc.*, 459 F.3d 1186, 1191 (11th Cir. 2006)). The Court ultimately concluded that because Mr. Tien was given sufficient time to respond to the order to show cause and because all the defenses he asserted were to the underlying judgment, the district court did not err in renewing the underlying judgment. *Id.* at 757.

Here, the Complaints in all three cases state that the underlying judgments are valid and that no money or property has been collected in satisfaction of the judgments. Defendants do not contest this fact and Defendants have not interposed any defenses to collection. Rather, Defendants argue that although the judgments remain unsatisfied, they do not have any money to pay. Because Defendants have not asserted any valid defenses to the actions on the judgments, it is **RECOMMENDED** that judgment be entered for Plaintiff and against Defendants as to the Attorneys' Fees Judgment in the amount of $186,863.10 plus interest and the Damages Judgment in the amount of $3,798,814.70 plus interest. If the undersigned's recommendation is adopted, Plaintiff should be ordered to file a proposed renewed judgment with a table indicating the amount of each judgment, the interest rate for each judgment, and the accrued interest for each judgment.[5]

---

[5] Defendants also filed a Motion to Proceed *In Forma Pauperis* in one of the cases. October Action, ECF No. [3]. However, because the Court recommends that the three actions be consolidated and that judgment be entered for Plaintiff, a ruling on this motion is not necessary.

13

### III. CONCLUSION

It is hereby **RECOMMENDED** that the three actions (1:21-cv-21928-WPD, 1:21-cv-23112-WPD, and 1:21-cv-23698-WPD) be consolidated, that the pending motions be adjudicated as set forth herein, and that judgment be entered for Plaintiff and against Defendants as to the Attorneys' Fees Judgment and the Damages Judgment.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 6, 2022

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE